99 F.3d 401
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Yves CADOTTE, Appellant.
 No. 95-1356.
 United States Court of Appeals, Second Circuit.
 Dec. 13, 1995.
 
 APPEARING FOR APPELLANT: Mark A. Kaplan, Jarvis and Kaplan, Burlington, Vt.
 APPEARING FOR APPELLEE: John M. Conroy, Asst. U.S. Atty., D.Vt., Burlington, Vt.
 D.Vt.
 AFFIRMED.
 Present: NEWMAN, Chief Judge. OAKES, and CABRANES, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the District of Vermont and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 Yves Cadotte appeals from the June 9, 1995, judgment convicting him of carjacking and sentencing him to 62 months. Cadotte argues that the District Judge did not adequately state his reasons for departing upward from the applicable guideline range and for imposing the particular sentence selected.
 
 
 4
 These arguments lack merit. The District Judge stated at sentencing that Cadotte's criminal history category of I did not adequately reflect his significant criminal record in Canada. The Judge reviewed the nature of these crimes and noted that the Government had agreed to recommend upward departure only to a sentence corresponding to a criminal history category of II. The Judge then stated that, on the basis of these considerations, he would impose a sentence of 62 months, which would have been in the middle of the guideline range for an offender with a criminal history category of II. This statement fully satisfies the requirements that a District Judge state his reasons for upward departure, 18 U.S.C. § 3553(c)(2) (1994), and, in cases where the departure is motivated by criminal history, that he consider the guideline range that would correspond to the appropriate criminal history category. U.S.S.G. § 4A1.3; United States v. Cervantes, 878 F.2d 50, 53-54 (2d Cir.1989).
 
 
 5
 Cadotte's second argument, that the District Judge should have articulated his reasons for imposing a sentence at a particu lar point within the guideline range, is without merit. 18 U.S.C. § 3553(c)(1) requires a sentencing judge to articulate the reasons for imposing a sentence at a particular point in the guideline range only when the guideline range exceeds 24 months. 18 U.S.C. § 3553(c)(1) (1994); United States v. Sasso, 59 F.3d 341, 352-53 (2d Cir.1995). Moreover, this argument misconceives the effect of section 4A1.3. Cadotte's applicable guideline range remained at 46 to 57 months; the District Judge arrived at the sentence of 62 months by departing from the applicable guideline range, and using as a benchmark the guideline range for criminal history category II. As a result, section 3553(c)(2), not section 3553(c)(1), governs the District Judge's obligation to articulate his reasons in this case.